**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4698**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIE THOMAS WORSHAM,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:13-cr-00027-HCM-TEM-1)

Submitted:  March 27, 2014            Decided:  April 4, 2014

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Suzanne V. Katchmar, Assistant Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Howard Jacob Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Thomas Worsham pled guilty, without a plea agreement, to escape, 18 U.S.C. § 751(a) (2012) and assaulting a federal officer, 18 U.S.C. § 111(a)(1)(a), (b) (2012). At sentencing, the district court applied a four-level enhancement for use of a dangerous weapon, U.S. Sentencing Guidelines Manual ("USSG"), § 2A2.2(b)(2)(B) (2011), based on the following facts. In November 2012, Worsham failed to return after a weekend pass from his term of imprisonment. The United States Marshal Service began looking for Worsham and ultimately located him in February 2013. Deputy U.S. Marshals Stanton and Titus approached Worsham's vehicle and identified themselves as U.S. Marshals; Worsham put his car in reverse and attempted to drive away. Stanton reached into Worsham's car to turn off the ignition, but Worsham put the car in drive and "floored" the accelerator, dragging Stanton alongside the vehicle. Stanton sustained significant injuries to his left arm.

At sentencing, Worsham received a four-level enhancement for "use of a dangerous weapon," among other enhancements. Based on a total offense level of 26 and a criminal history category of VI, Worsham's advisory Guidelines range was 120 to 150 months' imprisonment. The court imposed a 120-month sentence. Worsham noted a timely appeal.

2

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in applying the dangerous weapon enhancement under USSG § 2A2.2(b)(2)(B). Worsham has filed a pro se supplemental brief in which he also challenges the dangerous weapon enhancement.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range may be presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We have reviewed the record and find that the sentence imposed by the district court was both procedurally and

substantively reasonable. A car may qualify as a "dangerous weapon" under USSG § 2A2.2. See USSG § 2A2.2 cmt. n.1. Worsham argues, however, that there was no evidence that he used the car "with the intent to commit bodily injury." He asserts that he was merely trying to evade apprehension. However, we find that the requisite intent to commit bodily injury can be reasonably inferred from Worsham's actions. See, e.g., United States v. Garcia, 34 F.3d 6, 10-11 (1st Cir. 1994) (upholding the dangerous weapon enhancement where officer was injured jumping out of the way of defendant's car during attempted getaway).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Worsham, in writing, of his right to petition the Supreme Court of the United States for further review. If Worsham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Worsham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4